IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERT CLYDE WOOTEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:25-CV-102-Z-BR |
| | § | |
| POTTER COUNTY DETENTION CENTER, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO GRANT MOTION TO DISMISS**

Before the Court is Respondent's Motion to Dismiss the petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Robert Clyde Wooten ("Wooten"). (ECF 9). For the reasons stated below, the Motion should be GRANTED.

## I. Factual Background

On April 11, 2025, Wooten was arrested in Potter County, Texas, on an outstanding felony warrant out of Anderson, Indiana, for failure to pay child support. (ECF 7 at 6-7; ECF 9-2 at 1-2). Wooten claims that the warrant is invalid because his children are grown and he owes no child support, and that it is merely a pretext to bring him back to Indiana to be killed by gang members. (ECF 7 at 6). He was held in the Potter County Detention Center pending extradition to Indiana.

On July 16, 2025, the Madison County, Indiana, prosecutor's office notified Potter County that it had failed to timely secure a warrant for requisition and that it would not seek extradition at this time (ECF 9-2 at 4). Consequently, Wooten was released on the same day. (ECF 9-2 at 8-9). Because Wooten is no longer in custody, Respondent filed a Motion to Dismiss Wooten's petition for lack of subject matter jurisdiction. (ECF 9).

## II. LEGAL ANALYSIS

Wooten was in custody when he filed this petition, but he has since been released by Potter County. (ECF 9-2 at 8-9). His release from custody rendered his petition moot. *See, e.g., Herndon v. Upton*, 985 F3d 443 (5th Cir. 2021)(petitioner's release "mooted her Section 2241 petition"); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (dismissing a Section 2241 petition as moot following release where "[t]he main thrust of [the] petition is to be released from his confinement"); *Aldaco v. Nash*, 693 F. App'x 336, 337 (5th Cir. 2017) (per curiam) (Section 2241 petition seeking immediate release was mooted by release); *United States v. Boston*, 419 F. App'x 505, 506 (5th Cir. 2011) (per curiam) ("If the only relief sought by an appellant cannot be granted, the case is moot.")).

An action is moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969) and *Bailey*, 821 F.2d at 278. The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Id.* at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. 2005) (citation omitted).

Because Wooten was released from custody, his Section 2241 petition is moot and the Court has no subject matter jurisdiction. His petition should be dismissed.

## III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a proceeding under Section 2241 such as this one "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §

2253(c)(2). When a district court rejects constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)*; Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is recommended that reasonable jurists could not debate the denial of Wooten's petition on substantive or procedural grounds, nor find that the issues presented are adequate to proceed. *See Slack*, 529 U.S. at 484. Accordingly, it is recommended that the Court find that Wooten is not entitled to a certificate of appealability on the claims presented.

### IV. RECOMMENDATION

For the reasons stated above, the United States Magistrate Judge recommends that the Motion to Dismiss Wooten's petition be GRANTED, that Wooten's petition be DISMISSED without prejudice, and a Certificate of Appealability be DENIED.

### V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 8, 2025.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).